**Luis David FARIAS–JIMENEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76357.

United States Court of Appeals, Ninth Circuit. ·

Submitted Dec. 9, 2005.*

Decided Dec. 19, 2005.

Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh-Thu P. Mai, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM **

Luis David Farias–Jimenez petitions for review of the decision by the Board of Immigration Appeals ("BIA") that affirmed the immigration judge's denial of Farias–Jimenez's application for cancellation of removal. The immigration judge ("IJ") held that Farias–Jimenez was ineligible for cancellation because he did not meet the "exceptional and extremely un-usual hardship" requirement of 8 U.S.C. § 1229b(b)(1)(D). We dismiss the petition for lack of jurisdiction.

We have no jurisdiction to review the subjective, discretionary determination of whether an alien has established exceptional and extremely unusual hardship. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005); 8 U.S.C. § 1252(a)(2)(B). We do have jurisdiction over constitutional claims and questions of law as they relate to cancellation of removal. 8 U.S.C. § 1252(a)(2)(D). However, we lack jurisdiction to consider a claim that does not allege "at least a colorable constitutional violation." *Martinez–Rosas,* 424 F.3d at 930.

Farias–Jimenez argues that the IJ failed to weigh the hardship factors in accordance with the BIA's own precedent and failed to consider evidence of his son's medical problems. He asserts that these alleged failures violated his right to due process. However, while Farias–Jimenez uses the label of due process, his claim "is nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction." *Id.* at 930. Farias–Jimenez "may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001).

Because we lack jurisdiction to consider Farias–Jimenez's claim, the petition for review is

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.